1    COLIN O'BRIEN, SB No. 309413
     cobrien@earthjustice.org
2    ADRIENNE BLOCH, SB No. 215471
     abloch@earthjustice.org
3    HEATHER M. LEWIS, SB No. 291933
     hlewis@earthjustice.org
4    EARTHJUSTICE
     50 California Street, Suite 500
5    San Francisco, CA  94111
     Tel. (415) 217-2000 / Fax. (415) 217-2040
6
     *Attorneys for Proposed Defendant-Intervenors*
7    *Sierra Club and San Francisco Baykeeper*

8    JESSICA YARNALL LOARIE, SB No. 252282
     jessica.yarnall@sierraclub.org
9    JOANNE SPALDING, SB No. 169560
     joanne.spalding@sierraclub.org
10   SIERRA CLUB
     2101 Webster Street, Suite 1300
11   Oakland, CA 94612
     Tel. (415) 977-5636 / Fax. (510) 208-3140
12
     *Attorneys for Proposed Defendant-Intervenors*
13   *Sierra Club*

14   (List of Counsel continued on next page)

15                  UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
16                     SAN FRANCISCO DIVISION

17

18   OAKLAND BULK & OVERSIZED TERMINAL,        Case No. 16-cv-7014-VC
     LLC,
19
                  Plaintiff,                   **SIERRA CLUB'S AND SAN FRANCISCO**
20                                             **BAYKEEPER'S [PROPOSED] ANSWER**
            v.
21
     CITY OF OAKLAND,
22
                  Defendant,
23
                  and
24
     SIERRA CLUB and SAN FRANCISCO
25   BAYKEEPER,
26
                  Proposed Defendant-Intervenors.
27

28

1  DANIEL P. SELMI, SB No. 67481
   dselmi@aol.com
2  919 Albany Street
   Los Angeles, CA 92662
3  Tel. (213) 736-1098 / Fax. (949) 675-9871

4  *Attorney for Proposed Defendant-Intervenor*
   *Sierra Club*

Sierra Club and San Francisco Baykeeper (collectively, "Defendant-Intervenors") hereby respond to the allegations in Plaintiff's Complaint (ECF #6). The numbered paragraphs in this answer correspond to the numbered paragraphs of the Complaint.

## NATURE OF THE ACTION

1.    The allegations in paragraph 1 are characterizations of Plaintiff's case which require no response. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

2.    The allegations in paragraph 2 are characterizations of Plaintiff's case which require no response. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

3.    Defendant-Intervenors admit there is a Development Agreement dated July 16, 2013. Defendant-Intervenors deny Plaintiff's characterizations of the Development Agreement since the Agreement speaks for itself and is the best evidence of its contents.

4.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 and therefore deny them.

5.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and therefore deny them.

6.    The allegations in paragraph 6 are too vague to permit a specific response. On that basis, Defendant-Intervenors deny the allegations in paragraph 6.

7.    Defendant-Intervenors deny Plaintiff's characterizations of environmental groups' opposition to coal and petcoke. Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations about coal handling and operations at the Terminal and therefore deny them. Defendant-Intervenors deny Plaintiff's characterizations of the City's health and safety hearing process.

8.    Defendant-Intervenors admit that Oakland passed a coal and petcoke Ordinance and Resolution in 2016.  Defendant-Intervenors deny Plaintiff's characterizations of the Ordinance and Resolution, as these documents speak for themselves and are the best evidence of their contents.

1

9. Defendant-Intervenors deny Plaintiff's characterizations of the Ordinance and Resolution in paragraph 9, as these documents speak for themselves and are the best evidence of their contents.

10. Defendant-Intervenors deny the allegations in paragraph 10.

11. Defendant-Intervenors deny the allegations in paragraph 11.

12. Defendant-Intervenors deny the allegations in paragraph 12.

13. The allegations in paragraph 13 are characterizations of Plaintiff's case which require no response. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

**PARTIES**

14. Defendant-Intervenors admit paragraph 14.

15. Defendant-Intervenors admit paragraph 15.

**JURISDICTION AND VENUE**

16. The allegations in paragraph 16 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

17. The allegations in paragraph 17 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

18. Defendant-Intervenors admit that the City of Oakland is within this District. The remaining allegations in paragraph 18 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

19. The allegations in paragraph 19 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

**INTRADISTRICT ASSIGNMENT**

20.     The allegations in paragraph 20 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

**FACTUAL BACKGROUND**

21.     Defendant-Intervenors admit that the area known as the Gateway Development Area was formerly the Oakland Army Base, and that ownership of the Oakland Army Base was transferred in 1999. Defendant-Intervenors deny that the land was transferred directly to the City of Oakland.

22.     Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and therefore deny them.

23.     Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and therefore deny them.

24.     Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and therefore deny them.

25.     Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 and therefore deny them.

26.     Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and therefore deny them.

27.     Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding noticed public hearings and therefore deny them. Defendant-Intervenors admit the remaining allegations in paragraph 27.

28.     Defendant-Intervenors admit the first sentence of paragraph 28. Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 28 and therefore deny them.

29.     The allegations in paragraph 29 are characterizations of the DA and LDDA. Those documents speak for themselves and are the best evidence of their contents; accordingly, Defendant-Intervenors deny these allegations.

1    30.    The allegations in paragraph 30 are characterizations of the DA, the LDDA, and the

2    Assistant City Administrator's February 3, 2016 report. Those documents speak for themselves and

3    are the best evidence of their contents; accordingly, Defendant-Intervenors deny these allegations.

4    31.    The allegations in paragraph 31 are characterizations of the DA. The DA speaks for

5    itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these

6    allegations

7    32.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to

8    the truth of the allegations in paragraph 32 and therefore deny them.

9    33.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to

10   the truth of the allegations in paragraph 33 and therefore deny them.

11   34.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to

12   the truth of the allegations in paragraph 34 and therefore deny them.

13   35.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to

14   the truth of the allegations in paragraph 35 and therefore deny them. Insofar as paragraph 35

15   contains characterizations of the DA, the DA speaks for itself and is the best evidence of its contents;

16   accordingly, Defendant-Intervenors deny these allegations.

17   36.    The allegations in paragraph 36 are Plaintiff's characterizations of the Oakland City

18   Council's health and safety hearing process and the Council's review of the evidence from these

19   hearings. Defendant-Intervenors deny these allegations.

20         a.    Defendant-Intervenors admit that Resolution No. 85054 was passed on June

21               17, 2014 but deny the remainder of the allegations in paragraph 36(a).

22         b.    Defendant-Intervenors admit the existence and content of the press release

23               alleged in paragraph 36(b), but lack sufficient knowledge or information to

24               form a belief as to the date on which it was published.

25         c.    Defendant-Intervenors lack sufficient knowledge or information to form a

26               belief as to the truth of the allegations in paragraph 36(c) and therefore deny

27               them.

28         d.    Defendant-Intervenors admit the allegations in paragraph 36(d).

4

37.    Defendant-Intervenors admit that a public health and safety hearing was held in September 2015. Defendant-Intervenors deny Plaintiff's characterization of the hearing as a "sham" public process, and deny the remaining allegations in paragraph 37.

38.    Defendant-Intervenors admit that Bay Area Air Quality Management District (BAAQMD) regulates non-vehicular sources of emissions into the air in the Bay Area. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore deny them.

39.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 and therefore deny them.

40.    The allegations in paragraph 40 are characterizations of a City Council resolution passed on May 3, 2016. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

41.    Defendant-Intervenors admit City Council retained Environmental Science Associates ("ESA") but deny Plaintiff's characterizations that ESA was retained "to selectively review the record" or that ESA was supposed "to create findings that would appear to support a finding of 'health and/or safety impacts.'"

42.    Defendant-Intervenors deny the allegations in paragraph 42.

43.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43 and therefore deny them.

44.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 and therefore deny them.

45.    Defendant-Intervenors admit ESA issued a Report on or around June 23, 2016.

46.    Defendant-Intervenors admit that the City of Oakland released proposed drafts of the Ordinance and Resolution on June 24, 2016, and that City staff prepared an Agenda Report. Defendant-Intervenors deny the remaining allegations in paragraph 46, including Plaintiff's characterizations of the Agenda Report. The Agenda Report speaks for itself and is the best evidence of its contents.

47.     Defendant-Intervenors admit that City Council held a public hearing on June 27, 2016, at which City Council adopted the Resolution and held a first vote on the Ordinance. Defendant-Intervenors deny that the Ordinance was adopted on June 27, 2016, and deny the remaining allegations in paragraph 47.

48.     The allegations in paragraph 48 are characterizations of the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

49.     The allegations in paragraph 49 are characterizations of the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

50.     The allegations in paragraph 50 are characterizations of the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

51.     The allegations in paragraph 51 are too vague to permit a specific response. On that basis, Defendant-Intervenors deny the allegations in paragraph 51.

52.     The allegations in paragraph 52 are characterizations of the ESA Report and City Council's administrative record. Those documents speak for themselves and are the best evidence of their contents; accordingly, Defendant-Intervenors deny these allegations.

53.     The allegations in paragraph 53 are characterizations of the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

54.     The allegations in paragraph 54 are characterizations of the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

55.     The allegations in paragraph 55 are characterizations of the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

56.     Defendant-Intervenors deny the allegations in paragraph 56.

57.     The allegations in paragraph 57 are characterizations of the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

58.     The allegations in paragraph 58 are characterizations of the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

59.     Defendant-Intervenors deny the allegations in paragraph 59.

60.     The allegations in paragraph 60 are characterizations of the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

61.     Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 61 and therefore deny them. The remaining allegations in paragraph 61 are characterizations of the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

62.     Defendant-Intervenors admit the first sentence of paragraph 62. The remaining allegations in paragraph 62 are characterizations of the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

63.     Defendant-Intervenors admit that the Long Beach terminal is enclosed in some manner, but lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 63, and therefore deny them.

64.     Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 64 and therefore deny them. Defendant-Intervenors admit that Air Quality Management Districts regulate air quality pursuant to delegation from the State of California.

65.     Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 65 and therefore deny them.

66.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 66 and therefore deny them.

67.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 67 and therefore deny them.

68.    The allegations in paragraph 68 are characterizations of the ESA Report and City Council's administrative record. Those documents speak for themselves and are the best evidence of their contents; accordingly, Defendant-Intervenors deny these allegations.

69.    Defendant-Intervenors admit the first sentence of paragraph 69, and admit that BAAQMD has some regulatory authority over air pollution from non-vehicular sources.

70.    The allegations in paragraph 70 characterize the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

71.    The allegations in paragraph 71 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

72.    The allegations in paragraph 72 are characterizations of BAAQMD regulations. The regulations speak for themselves and are the best evidence of their contents; accordingly, Defendant-Intervenors deny these allegations.

73.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73 and therefore deny them. To the extent that the allegations in paragraph 73 characterize BAAQMD regulations, the regulations speak for themselves and are the best evidence of their contents; accordingly, Defendant-Intervenors deny these allegations.

74.    The allegations in paragraph 74 are characterizations of BAAQMD regulations. The regulations speak for themselves and are the best evidence of their contents; accordingly, Defendant-Intervenors deny these allegations.

75.    Defendant-Intervenors admit that storage domes and enclosed conveyors are occasionally used in coal and petcoke facilities, but deny the remaining allegations in the first

sentence of paragraph 75. The remaining allegations in paragraph 75 characterize the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

76.     Defendant-Intervenors deny the allegations in paragraph 76.

77.     Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 77 and therefore deny them. To the extent that the allegations in paragraph 77 characterize the ESA Report and City Council's administrative record, those documents speak for themselves and are the best evidence of their contents; accordingly, Defendant-Intervenors deny these allegations.

78.     Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 78 and therefore deny them. To the extent that the allegations in paragraph 78 characterize the ESA Report and City Council's administrative record, those documents speak for themselves and are the best evidence of their contents; accordingly, Defendant-Intervenors deny these allegations.

79.     The allegations in paragraph 79 characterize the ESA Report and City Council's administrative record. Those documents speak for themselves and are the best evidence of their contents; accordingly, Defendant-Intervenors deny these allegations.

80.     Defendant-Intervenors admit the first sentence of paragraph 80. The remaining allegations in paragraph 80 characterize the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

81.     Paragraph 81 contains conclusions of law that require no response. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

82.     The allegations in paragraph 82 characterize the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

83.     Defendant-Intervenors admit that railcar covers and/or surfactants can possibly reduce some coal dust emissions. The remaining allegations in paragraph 83 characterize the ESA

9

Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

84.    Defendant-Intervenors deny the allegations in paragraph 84.

85.    The allegations in paragraph 85 characterize the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

86.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86 and therefore deny them.

    a.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86(a) and therefore deny them.

    b.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86(b) and therefore deny them.

    c.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86(c) and therefore deny them.

    d.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86(d) and therefore deny them.

    e.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86(e) and therefore deny them.

87.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87 and therefore deny them.

88.    The allegations in paragraph 88 characterize the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

89.     The allegations in paragraph 89 characterize the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

90.     The allegations in paragraph 90 characterize the ESA Report and City Council's administrative record. Those documents speak for themselves and are the best evidence of their contents; accordingly, Defendant-Intervenors deny these allegations.

91.     The allegations in paragraph 91 characterize the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

92.     The allegations in paragraph 92 characterize the ESA Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

93.     The first sentence of paragraph 93 characterizes the ESA report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations. Defendant-Intervenors deny the second sentence of paragraph 93.

94.     The first sentence of paragraph 94 characterizes the ESA report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations. Defendant-Intervenors deny the second sentence of paragraph 94.

95.     The first two sentences of paragraph 95 characterize the ESA Report and City Council's administrative record. Those documents speak for themselves and are the best evidence of their contents; accordingly, Defendant-Intervenors deny these allegations. Defendant-Intervenors deny the last sentence of paragraph 95.

96.     The allegations in paragraph 96 characterize the Staff Report. That document speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

97.     Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 97 and therefore deny them.

1    98.    Defendant-Intervenors admit that Zoe Chafe was retained to prepare a report.

2    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the

3    remaining allegations in paragraph 98 and therefore deny them.

4    99.    Defendant-Intervenors deny the allegations in paragraph 99.

5    100.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to

6    the truth of the allegations in paragraph 100 and therefore deny them.

7    101.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to

8    the truth of the allegations in paragraph 101 and therefore deny them.

9    102.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to

10    the truth of the allegations in paragraph 102 and therefore deny them.

11    103.    The allegations in paragraph 103 characterize the Chafe Report. That document

12    speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny

13    these allegations.

14    104.    The allegations in paragraph 104 characterize the Chafe Report. That document

15    speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny

16    these allegations.

17    105.    The allegations in paragraph 105 characterize the Chafe Report. That document

18    speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny

19    these allegations.

20    106.    The allegations in paragraph 106 characterize the Chafe Report. That document

21    speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny

22    these allegations.

23    107.    The allegations in paragraph 107 characterize the Chafe Report. That document

24    speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny

25    these allegations.

26    108.    Defendant-Intervenors deny the allegations in paragraph 108.

27    109.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to

28    the truth of the allegations in the first sentence of paragraph 109 and therefore deny them. The

12

1    remaining allegations in paragraph 109 characterize the Chafe Report and City Council's

2    administrative record. Those documents speak for themselves and are the best evidence of their

3    contents; accordingly, Defendant-Intervenors deny these allegations.

4          110.     The allegations in paragraph 110 characterize the Chafe Report. That document

5    speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny

6    these allegations.

7          111.     Defendant-Intervenors deny the allegations in paragraph 111.

8          112.     The allegations in paragraph 112 characterize the Chafe Report. That document

9    speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny

10    these allegations.

11         113.     The allegations in paragraph 113 characterize the Chafe Report. That document

12    speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny

13    these allegations.

14         114.     The allegations in paragraph 114 characterize the Chafe Report and City Council's

15    administrative record. Those documents speak for themselves and are the best evidence of their

16    contents; accordingly, Defendant-Intervenors deny these allegations. Defendant-Intervenors deny

17    that the Secretary of Transportation has designated coal as safe for transportation.

18         115.     The allegations in paragraph 115 characterize the Chafe Report. That document

19    speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny

20    these allegations.

21         116.     The allegations in paragraph 116 characterize the Ordinance and Resolution. Those

22    documents speak for themselves and are the best evidence of their contents; accordingly, Defendant-

23    Intervenors deny these allegations.

24         117.     The allegations in paragraph 117 characterize the Ordinance and Resolution. Those

25    documents speak for themselves and are the best evidence of their contents; accordingly, Defendant-

26    Intervenors deny these allegations.

27         118.     Defendant-Intervenors deny the allegations in the first sentence of paragraph 118. The

28    remaining allegations in paragraph 118 characterize the ESA Report and City Council's

1    administrative record. Those documents speak for themselves and are the best evidence of their

2    contents; accordingly, Defendant-Intervenors deny these allegations.

3         119.    Defendant-Intervenors deny the allegations in the first sentence of paragraph 119. The

4    second sentence of paragraph 119 characterizes the ESA report. That document speaks for itself and

5    is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

6         120.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to

7    the truth of the allegations in paragraph 120 and therefore deny them.

8              a.    Defendant-Intervenors lack sufficient knowledge or information to form a

9                  belief as to the truth of the allegations in paragraph 120(a) and therefore deny

10                 them.

11             b.    Defendant-Intervenors lack sufficient knowledge or information to form a

12                 belief as to the truth of the allegations in paragraph 120(b) and therefore deny

13                 them.

14             c.    Defendant-Intervenors lack sufficient knowledge or information to form a

15                 belief as to the truth of the allegations in paragraph 120(c) and therefore deny

16                 them.

17        121.    The allegations in paragraph 121 characterize the Ordinance and Resolution. Those

18   documents speak for themselves and are the best evidence of their contents; accordingly, Defendant-

19   Intervenors deny these allegations.

20        122.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to

21   the truth of the allegations in paragraph 122 and therefore deny them.

22        123.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to

23   the truth of the allegations in paragraph 123 and therefore deny them.

24        124.    Defendant-Intervenors deny the allegations in paragraph 124.

25                                 **FIRST CLAIM FOR RELIEF**

26        125.    Paragraph 125 realleges and reincorporates by reference the allegations set forth in

27   paragraphs 1 through 124 of the Complaint. Defendant-Intervenors hereby reincorporate each and

28   every answer contained in paragraphs 1 through 124 as though fully set forth herein.

126.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 126 and therefore deny them.

127.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 127 and therefore deny them.

128.    Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 128 and therefore deny them.

129.    The allegations in paragraph 129 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

130.    Defendant-Intervenors deny the allegations in paragraph 130.

131.    Defendant-Intervenors deny the allegations in paragraph 131.

132.    Defendant-Intervenors deny the allegations in paragraph 132.

133.    Defendant-Intervenors deny the allegations in paragraph 133.

134.    The allegations in paragraph 134 are characterizations of Plaintiff's case which require no response. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

**SECOND CLAIM FOR RELIEF**

135.    Paragraph 135 realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 124 of the Complaint. Defendant-Intervenors hereby reincorporate each and every answer contained in paragraphs 1 through 124 as though fully set forth herein.

136.    Defendant-Intervenors deny the allegations in paragraph 136.

137.    Defendant-Intervenors deny the allegations in paragraph 137.

138.    Defendant-Intervenors deny the allegations in paragraph 138.

139.    The allegations in paragraph 139 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

140.    The allegations in paragraph 140 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

141.    Defendant-Intervenors deny the allegations in paragraph 141.

142.    Defendant-Intervenors deny the allegations in paragraph 142.

143.    Defendant-Intervenors deny the allegations in paragraph 143.

144.    The allegations in paragraph 144 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

145.    The allegations in paragraph 145 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

146.    The allegations in paragraph 146 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

147.    The allegations in paragraph 147 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

148.    The allegations in paragraph 148 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

149.    The allegations in paragraph 149 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

150.    Defendant-Intervenors deny the allegations in paragraph 150.

151.    Defendant-Intervenors deny the allegations in paragraph 151.

152.    Defendant-Intervenors deny the allegations in paragraph 152.

153.    The allegations in paragraph 153 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

154.    Defendant-Intervenors deny the allegations in paragraph 154.

155.    The allegations in paragraph 155 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

156.    Defendant-Intervenors deny the allegations in paragraph 156.

157.    Defendant-Intervenors deny the allegation in paragraph 157 that the Ordinance discriminates against shippers that deal in coal and petcoke; the remaining allegations in paragraph 157 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

158.    Defendant-Intervenors deny the allegations paragraph 158.

159.    Defendant-Intervenors deny the allegations paragraph 159.

160.    The allegations in paragraph 160 are characterizations of Plaintiff's case which require no response. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations.

### THIRD CLAIM FOR RELIEF

161.    Paragraph 161 realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 124 of the Complaint. Defendant-Intervenors hereby reincorporate each and every answer contained in paragraphs 1 through 124 as though fully set forth herein.

162.    The allegations in paragraph 162 are conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant-Intervenors deny the allegations. In addition, paragraph 162 purports to characterize the DA. The DA speaks for itself and is the best evidence of its contents; accordingly, Defendant-Intervenors deny these allegations.

163.    Defendant-Intervenors deny the allegations in paragraph 163.

164.    Defendant-Intervenors deny the allegations in paragraph 164.

165.    Defendant-Intervenors deny the allegations in paragraph 165.

1    166.    Defendant-Intervenors deny the allegations in paragraph 166.

2    167.    Defendant-Intervenors deny the allegations in paragraph 167.

3                           **PRAYER FOR RELIEF**

4    168.    The remainder of Plaintiff's Complaint consists of the prayer for relief, to which no

5    response is required. To the extent a response may be deemed required, Defendant-Intervenors deny

6    that Plaintiff is entitled to the relief requested in Paragraphs A through D, or to any relief

7    whatsoever.

8                           **<u>GENERAL DENIAL</u>**

9    169.    Defendant-Intervenors deny each and every allegation of Plaintiff's Complaint not

10   expressly admitted or qualified herein.

11                          **<u>AFFIRMATIVE DEFENSES</u>**

12                          **FIRST AFFIRMATIVE DEFENSE**

13                          **(Failure to state a claim)**

14   170.    Plaintiff has failed to state a claim upon which relief may be granted under Rule

15   12(b)(6) of the Federal Rules of Civil Procedure.

16                          **SECOND AFFIRMATIVE DEFENSE**

17                          **(Lack of standing)**

18   171.    Plaintiff lacks Article III standing to bring this lawsuit. Plaintiff also lacks standing to

19   pursue some or all of its claims under the Interstate Commerce Commission Termination Act, 49

20   U.S.C. § 10101–16101; the Hazardous Materials Transportation Act, 49 U.S.C. §§ 5101–5127; and

21   the Shipping Act of 1984, 46 U.S.C. §§ 40101–41309.

22                          **THIRD AFFIRMATIVE DEFENSE**

23                          **(Statute of limitations)**

24   172.    Plaintiff has failed to meet the applicable statute of limitations to pursue some or all

25   of its claims under California Government Code section 65009(c)(1).

26

27

28

1    WHEREFORE, Defendant-Intervenors respectfully request that the Court deny Plaintiff's

2  prayer for relief, that Plaintiff takes nothing, and that the case be dismissed with prejudice.

3

4  DATED: February 16, 2017                    Respectfully submitted,

5                                                _/s/ Colin O'Brien_____
                                              COLIN O'BRIEN, SB No. 309413
6                                             cobrien@earthjustice.org
                                              ADRIENNE BLOCH, SB No. 215471
7                                             abloch@earthjustice.org
                                              HEATHER M. LEWIS, SB No. 291933
8                                             hlewis@earthjustice.org
                                              EARTHJUSTICE
9                                             50 California Street, Suite 500
                                              San Francisco, CA 94111
10                                            Tel: (415) 217-2000
                                              Fax: (415) 217-2040
11
12                                            *Attorneys for Proposed Defendant-Intervenors Sierra*
                                              *Club and San Francisco Baykeeper*
13

14                                            JESSICA YARNALL LOARIE, SB No. 252282
                                              jessica.yarnall@sierraclub.org
15                                            JOANNE SPALDING, SB No. 169560
                                              joanne.spalding@sierraclub.org
16                                            SIERRA CLUB
                                              2101 Webster Street, Suite 1300
17                                            Oakland, CA 94612
                                              Tel. (415) 977-5636 / Fax. (510) 208-3140
18

19                                            DANIEL P. SELMI, SB No. 67481
                                              DSelmi@aol.com
20                                            919 Albany Street
                                              Los Angeles, CA 90015
21                                            Tel. (949) 922-7926 / Fax: (510) 208-3140

22                                            *Attorneys for Proposed Defendant-Intervenor Sierra*
                                              *Club*
23

24

25

26

27

28