Barbara J. Parker (SBN 69722)
City Attorney
Otis McGee, Jr. (SBN 71885)
Chief Assistant City Attorney
Colin Troy Bowen (SBN 152489)
Supervising Deputy City Attorney
OAKLAND CITY ATTORNEY
One Frank Ogawa Plaza, 6th Floor
Oakland, CA 94612
Tel:  510.238.3601    Fax:  510.238.6500

Kevin D. Siegel (SBN 194787)
E-mail:  ksiegel@bwslaw.com
Gregory R. Aker (SBN 104171)
E-mail:  gaker@bwslaw.com
Christopher M. Long (SBN 305674)
E-mail:  clong@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA  94612-3501
Tel: 510.273.8780    Fax:  510.839.9104

Attorneys for Defendant
CITY OF OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OAKLAND BULK & OVERSIZED TERMINAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF OAKLAND, <br><br> Defendant. <br> ─────────────────────── <br> SIERRA CLUB and SAN FRANCISCO BAYKEEPER, <br><br> Defendants-Intervenors. | Case No.  3:16-cv-07014-VC <br><br> **ANSWER TO FIRST AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Judge:        Honorable Vince Chhabria |

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4840-9470-8043 v1

- 1 -

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 16-CV-7014-VC

1   Defendant CITY OF OAKLAND ("City") hereby answers the First Amended Complaint,

2 filed on June 14, 2017 ("Complaint") by Plaintiff OAKLAND BULK & OVERSIZED

3 TERMINAL, LLC ("OBOT" or "Plaintiff") as follows:

4           **NATURE OF THE ACTION**

5   1.  Answering paragraph 1, the City denies that it unconstitutionally abused its power.

6 Further answering paragraph 1, the allegations therein are characterizations of OBOT's case that

7 do not require a response.  To the extent the foregoing does not answer any allegation of fact in

8 paragraph 1, the City denies each and every allegation stated therein.

9   2.  Answering the first sentence of paragraph 2, the City admits that OBOT seeks

10 declaratory and injunctive relief against enforcement of Oakland City Council Ordinance

11 No. 13385 C.M.S. (the "Ordinance") and Oakland City Council Resolution No. 86234 C.M.S.

12 (the "Resolution"), and that the Ordinance and Resolution collectively prohibit the storage and

13 handling of coal and coke at bulk materials facilities or terminals throughout the City of Oakland,

14 including in and around OBOT's proposed rail and marine terminal.  Answering the remaining

15 allegations of the first sentence of paragraph 2, the City lacks sufficient information or knowledge

16 to answer the allegations stated therein, and on that basis denies each and every allegation stated

17 therein.  Answering the second sentence of paragraph 2, the City denies each and every allegation

18 stated therein.

19   3.  Answering paragraph 3, the City admits that a Development Agreement dated

20 July 16, 2013 ("DA") exists.  Further answering paragraph 3, the allegations stated therein seek to

21 characterize the contents of public records, which speak for themselves.  Answering the

22 remaining allegations of paragraph 3, the City lacks sufficient information or knowledge to

23 answer the allegations stated therein, and on that basis denies each and every allegation stated

24 therein.  Answering footnote number 1 to paragraph 3, the allegations stated therein seek to

25 characterize the contents of dictionary definitions, which speak for themselves.  To the extent the

26 foregoing does not answer any allegation of fact in paragraph 3, the City denies each and every

27 allegation stated therein.

28   4.  Answering paragraph 4, the City lacks sufficient information or knowledge to

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4840-9470-8043 v1   - 2 -   ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 16-CV-7014-VC

answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

5.      Answering paragraph 5, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

6.      Answering paragraph 6, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

7.      Answering the first and second sentences of paragraph 7, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein. Answering the third sentence of paragraph 7, the City denies each and every allegation stated therein.

8.      Answering paragraph 8, the City admits that it passed the Ordinance and Resolution in 2016. Answering the remaining allegations of paragraph 8, the allegations stated therein seek to characterize the contents of public records, which speak for themselves. To the extent the foregoing does not answer any allegation of fact in paragraph 8, the City denies each and every allegation stated therein.

9.      Answering paragraph 9, the City denies each and every allegation stated therein.

10.     Answering paragraph 10, the City denies each and every allegation stated therein.

11.     Answering paragraph 11, the City denies each and every allegation stated therein.

12.     Answering paragraph 12, the City denies each and every allegation stated therein.

13.     Answering paragraph 13, the allegations therein are characterizations of OBOT's case that do not require a response. To the extent the foregoing does not answer any allegation of fact in paragraph 13, the City denies each and every allegation stated therein.

**PARTIES**

14.     Answering paragraph 14, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1                    - 3 -                    ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 16-CV-7014-VC

1    15.    Answering paragraph 15, the City admits each and every allegation stated therein.

2                          **JURISDICTION AND VENUE**

3    16.    Answering paragraph 16, the allegations therein are legal contentions and

4  conclusions of law that do not require a response.  To the extent the foregoing does not answer

5  any allegation of fact in paragraph 16, the City denies each and every allegation stated therein.

6    17.    Answering paragraph 17, the allegations therein are conclusions of law that do not

7  require a response.  To the extent the foregoing does not answer any allegation of fact in

8  paragraph 17, the City denies each and every allegation stated therein.

9    18.    Answering paragraph 18, the City admits that it is located within the Northern

10  District of California.  Answering the remaining allegations of paragraph 18, the allegations

11  therein are legal contentions and conclusions of law that do not require a response.  To the extent

12  the foregoing does not answer any allegation of fact in paragraph 18, the City denies each and

13  every allegation stated therein.

14    19.    Answering paragraph 19, the allegations therein are legal contentions and

15  conclusions of law that do not require a response.  To the extent the foregoing does not answer

16  any allegation of fact in paragraph 19, the City denies each and every allegation stated therein.

17                          **INTRADISTRICT ASSIGNMENT**

18    20.    Answering paragraph 20, the allegations therein are legal contentions and

19  conclusions of law that do not require a response.  To the extent the foregoing does not answer

20  any allegation of fact in paragraph 20, the City denies each and every allegation stated therein.

21                          **FACTUAL BACKGROUND**

22    21.    Answering the first sentence of paragraph 21, the City admits each and every

23  allegation stated therein.  Answering the second sentence of paragraph 21, the City admits that the

24  former Oakland Army Base provided, prior to its closure, jobs and economic benefits for the City,

25  and except as expressly admitted herein, the City denies each and every allegation of the second

26  sentence of paragraph 21.  Answering the third sentence of paragraph 21, the allegations therein

27  seek to characterize the contents of public records, which speak for themselves.  Answering any

28  remaining allegations of fact in paragraph 21, the City denies each and every allegation stated

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1                    - 4 -        ANSWER TO FIRST AMENDED COMPLAINT
                                                       CASE NO. 16-CV-7014-VC

therein.

22.     Answering paragraph 22, the allegations stated therein seek to characterize the contents of public records, which speak for themselves.  To the extent the foregoing does not answer any allegation of fact in paragraph 22, the City denies each and every allegation stated therein.

23.     Answering paragraph 23, the allegations stated therein seek to characterize the contents of public records, which speak for themselves.  To the extent the foregoing does not answer any allegation of fact in paragraph 23, the City denies each and every allegation stated therein.

24.     Answering the first sentence of paragraph 24, the allegations stated therein seek to characterize the contents of public records, which speak for themselves.  Answering the second sentence of paragraph 24, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.  To the extent the foregoing does not answer any allegation of fact in paragraph 24, the City denies each and every allegation stated therein.

25.     Answering paragraph 25, the City denies each and every allegation stated therein.

26.     Answering paragraph 26, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

27.     Answering paragraph 27, the allegations stated therein seek to characterize the contents of public records, which speak for themselves.  To the extent the foregoing does not answer any allegation of fact in paragraph 27, the City denies each and every allegation stated therein.

28.     Answering the first and third sentences of paragraph 28, the allegations stated therein seek to characterize the contents of public records, which speak for themselves.  Answering the second sentence of paragraph 28, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.  To the extent the foregoing does not answer any allegation of fact in

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1                - 5 -          ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 16-CV-7014-VC

paragraph 28, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

29.    Answering the first sentence of paragraph 29, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself.  Answering the second sentence of paragraph 29, the allegations therein are conclusions of law that do not require a response.  To the extent the foregoing does not answer any allegation of fact in paragraph 29, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

30.    Answering paragraph 30, the allegations stated therein seek to characterize the contents of public records, which speak for themselves.  To the extent the foregoing does not answer any allegation of fact in paragraph 30, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

31.    Answering paragraph 31, the allegations stated therein seek to characterize the contents of public records, which speak for themselves.  Answering footnote number 2 to paragraph 31, the allegations therein seek to characterize the contents of public records and are legal contentions and conclusions of law that do not require a response.  To the extent the foregoing does not answer any allegation of fact in paragraph 31 or footnote number 2, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

32.    Answering paragraph 32, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

33.    Answering paragraph 33, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

34.    Answering paragraph 34, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1                - 6 -        ANSWER TO FIRST AMENDED COMPLAINT
                                                   CASE NO. 16-CV-7014-VC

therein.

35.     Answering the first and second sentences of paragraph 35, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein. Answering the third sentence of paragraph 35, insofar as the allegations therein contain characterizations of the DA, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself. Answering the remaining allegations of the third sentence of paragraph 35, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein. To the extent the foregoing does not answer any allegation of fact in paragraph 35, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

36.     Answering the first and second sentences of paragraph 36, the City denies each and every allegation stated therein.

a.     Answering the first sentence of subparagraph "a" of paragraph 36, the City admits that the Oakland City Council unanimously passed Resolution No. 85054 C.M.S., a "Resolution to Oppose Transportation of Hazardous Fossil Fuel Materials, Including Crude Oil, Coal, and Petroleum Coke, Along California Waterways, Through Densely Populated Areas, Through the City of Oakland" on June 17, 2014. Answering the second sentence of subparagraph "a" of paragraph 36, insofar as the allegations therein contain characterizations of Resolution No. 85054 C.M.S., the allegations stated therein seek to characterize the contents of a public record, which speaks for itself. Answering the third sentence of subparagraph "a" of paragraph 36, the City denies each and every allegation stated therein. To the extent the foregoing does not answer any allegation of fact in subparagraph "a" of paragraph 36, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

b.     Answering subparagraph "b" of paragraph 36, the allegations stated therein seek to

characterize the contents of public records, which speak for themselves. To the extent the foregoing does not answer any allegation of fact in subparagraph "b" of paragraph 36, the City denies each and every allegation stated therein..

    c.  Answering subparagraph "c" of paragraph 36, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

    d.  Answering subparagraph "d" of paragraph 36, the allegations stated therein seek to characterize the contents of public records, which speak for themselves. To the extent the foregoing does not answer any allegation of fact in subparagraph "d" of paragraph 36, the City denies each and every allegation stated therein

To the extent the foregoing does not answer any allegation of fact in paragraph 36, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

37.    Answering paragraph 37, the City admits that the City Council held a public hearing in September 2015. The City denies each and every remaining allegation stated in paragraph 37.

38.    Answering the first and second sentences of paragraph 38, the City admits each and every allegation stated therein. Answering the third sentence of paragraph 38, the allegations seek to characterize the contents of public records, which speak for themselves. To the extent the foregoing does not answer any allegation of fact in paragraph 38, the City denies each and every allegation stated therein

39.    Answering paragraph 39, the allegations seek to characterize the contents of public records, which speak for themselves. To the extent the foregoing does not answer any allegation of fact in paragraph 38, the City denies each and every allegation stated therein.

40.    Answering paragraph 40, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself. To the extent the foregoing does not answer any allegation of fact in paragraph 40, the City denies each and every allegation stated therein.

41.    Answering paragraph 41, the City admits that the City Council retained

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1    - 8 -    ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 16-CV-7014-VC

Environmental Science Associates ("ESA") but denies each and every remaining allegation stated therein.

42.     Answering paragraph 42, the City denies each and every allegation stated therein.

43.     Answering paragraph 43, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

44.     Answering paragraph 44, the allegations stated therein seek to characterize the contents of public records, which speak for themselves.  To the extent the foregoing does not answer any allegation of fact in paragraph 44, the City denies each and every allegation stated therein.

45.     Answering paragraph 45, the City admits that on or about June 23, 2016, the City made the final ESA Report available to the general public.  The City denies the remaining allegations of paragraph 45.

46.     Answering the first sentence of paragraph 46, the City admits that it released proposed drafts of the Ordinance and Resolution on or about June 24, 2016.  Answering the second sentence of paragraph 46, the City admits that it released the Staff Report on or about June 24, 2016.  Further answering the second sentence of paragraph 46, insofar as the allegations therein contain characterizations of the Staff Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself.  To the extent the foregoing does not answer any allegation of fact in paragraph 46, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

47.     Answering paragraph 47, the City admits that the City Council held a public hearing on June 27, 2016, at which the City Council adopted the Resolution and held a first vote on the Ordinance.  The City denies that the Ordinance was adopted on June 27, 2016 and denies the remaining allegations in paragraph 47.

48.     Answering paragraph 48, insofar as the allegations therein contain characterizations of the ESA Report, the allegations stated therein seek to characterize the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1                - 9 -                ANSWER TO FIRST AMENDED COMPLAINT
                                                          CASE NO. 16-CV-7014-VC

contents of a public record, which speaks for itself. To the extent the foregoing does not answer any allegation of fact in paragraph 48, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

49. Answering paragraph 49, the City denies each and every allegation stated therein.

50. Answering the first sentence of paragraph 50, insofar as the allegations therein contain characterizations of the ESA Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself. Answering the second and third sentences of paragraph 50, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein. To the extent the foregoing does not answer any allegation of fact in paragraph 50, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

51. Answering paragraph 51, the City denies each and every allegation stated therein.

52. Answering paragraph 52, insofar as the allegations therein contain characterizations of the ESA Report or the City Council's administrative record, the allegations stated therein seek to characterize the contents of public records, which speak for themselves. To the extent the foregoing does not answer any allegation of fact in paragraph 52, the denies each and every allegation stated therein.

53. Answering paragraph 53, insofar as the allegations therein contain characterizations of the ESA Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself. To the extent the foregoing does not answer any allegation of fact in paragraph 53, the City denies each and every allegation stated therein.

54. Answering paragraph 54, insofar as the allegations therein contain characterizations of the ESA Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself. To the extent the foregoing does not answer any allegation of fact in paragraph 54, the City denies each and every allegation stated therein.

55. Answering paragraph 55, the City denies each and every allegation stated therein.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1   - 10 -   ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 16-CV-7014-VC

56.     Answering the first sentence of paragraph 56, the City admits that the Terminal and its emission controls have not yet been constructed.  Answering the remainder of paragraph 56, the City denies each and every allegation stated therein.

57.     Answering paragraph 57, insofar as the allegations therein contain characterizations of the ESA Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself.  To the extent the foregoing does not answer any allegation of fact in paragraph 57, the City denies each and every allegation stated therein.

58.     Answering paragraph 58, insofar as the allegations therein contain characterizations of the ESA Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself.  To the extent the foregoing does not answer any allegation of fact in paragraph 58, the City denies each and every allegation stated therein.

59.     Answering paragraph 59, the City denies each and every allegation stated therein.

60.     Answering paragraph 60, insofar as the allegations therein contain characterizations of the ESA Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself.  To the extent the foregoing does not answer any allegation of fact in paragraph 60, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

61.     Answering the first sentence of paragraph 61, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.  Answering the remaining allegations of paragraph 61, insofar as the allegations therein contain characterizations of the ESA Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself.  To the extent the foregoing does not answer any allegation of fact in paragraph 61, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

62.     Answering the first sentence of paragraph 62, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

allegation stated therein.  Answering the remaining allegations of paragraph 62, insofar as the allegations therein contain characterizations of the ESA Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself.  To the extent the foregoing does not answer any allegation of fact in paragraph 62, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

63.     Answering paragraph 63, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

64.     Answering paragraph 64, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

65.     Answering paragraph 65, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

66.     Answering paragraph 66, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

67.     Answering paragraph 67, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

68.     Answering paragraph 68, insofar as the allegations therein contain characterizations of the ESA Report or the City Council's administrative record, the allegations stated therein seek to characterize the contents of public records, which speak for themselves.  To the extent the foregoing does not answer any allegation of fact in paragraph 68, the City denies each and every allegation stated therein.

69.     Answering paragraph 69, the allegations stated therein are legal contentions and legal conclusions for which no response is required.  To the extent the foregoing does not answer

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4840-9470-8043 v1

any allegation of fact in paragraph 69, the City denies each and every allegation stated therein.

70.     Answering paragraph 70, insofar as the allegations therein contain characterizations of the ESA Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself.  To the extent the foregoing does not answer any allegation of fact in paragraph 70, the City denies each and every allegation stated therein.

71.     Answering paragraph 71, the allegations stated therein are legal contentions and conclusions of law to which no response s required.  To the extent the foregoing does not answer any allegation of fact in paragraph 71, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

72.     Answering paragraph 72, insofar as the allegations therein contain characterizations of BAAQMD regulations, the allegations stated therein are legal contentions and seek to characterize the contents of public records, which speak for themselves.  To the extent the foregoing does not answer any allegation of fact in paragraph 72, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

73.     Answering paragraph 73, the City denies each and every allegation stated therein.

74.     Answering paragraph 74, insofar as the allegations therein contain characterizations of BAAQMD regulations, the allegations stated therein are legal contentions and seek to characterize the contents of public records, which speak for themselves.  To the extent the foregoing does not answer any allegation of fact in paragraph 74, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

75.     Answering paragraph 75, insofar as the allegations therein contain characterizations of the ESA Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself.  Answering the remaining allegations of paragraph 75, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1                    - 13 -                    ANSWER TO FIRST AMENDED COMPLAINT
                                                                    CASE NO. 16-CV-7014-VC

76.     Answering paragraph 76, the City denies each and every allegation stated therein.

77.     Answering paragraph 77, the allegations therein seek to characterize the contents of public records, which speak for themselves.  Answering the remaining allegations of paragraph 77, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

78.     Answering paragraph 78, insofar as the allegations therein contain characterizations of the ESA Report or the City Council's administrative record, the allegations stated therein seek to characterize the contents of public records, which speak for themselves. Answering the remaining allegations of paragraph 78, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

79.     Answering paragraph 79, insofar as the allegations seek to characterize the contents of public records, which speak for themselves.  To the extent the foregoing does not answer any allegation of fact in paragraph 79, the City denies each and every allegation stated therein.

80.     Answering the first sentence of paragraph 80, the City admits each and every allegation stated therein.  Answering the remaining allegations in paragraph 80, insofar as the allegations therein contain characterizations of the ESA Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself.  To the extent the foregoing does not answer any allegation of fact in paragraph 80, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

81.     Answering paragraph 81, the City avers that the allegations stated therein are conclusions of law to which no response s required.  To the extent the foregoing does not answer any allegation of fact in paragraph 81, the City denies each and every allegation stated therein.

82.     Answering the first sentence paragraph 82, insofar as the allegations therein contain characterizations of the ESA Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself.  To the extent the foregoing does not answer

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1                     - 14 -          ANSWER TO FIRST AMENDED COMPLAINT
                                                            CASE NO. 16-CV-7014-VC

any allegation of fact in the first sentence of paragraph 82, the City denies each and every allegation stated therein.  Answering the second sentence of paragraph 82, the City denies each and every allegation stated therein.

83.    Answering paragraph 83, the City denies each and every allegation stated therein.

84.    Answering paragraph 84, the City denies each and every allegation stated therein.

85.    Answering paragraph 85, insofar as the allegations therein contain characterizations of the ESA Report or the City Council's administrative record, the allegations stated therein seek to characterize the contents of public records, which speaks for themselves. To the extent the foregoing does not answer any allegation of fact in paragraph 85, the City basis denies each and every allegation stated therein.

86.    Answering paragraph 86 (including the subparagraphs), the City lacks sufficient information or knowledge to admit or deny that commodities will in fact be transported to the proposed Terminal in the manner in which Plaintiff describes and proposes, and on that basis denies each and every allegation stated therein.  To the extent the foregoing does not answer any allegation of fact in paragraph 86, the City basis denies each and every allegation stated therein.

87.    Answering the first sentence of paragraph 87, the City lacks sufficient information or knowledge to admit or deny that commodities will in fact be transloaded in the manner in which Plaintiff describes and proposes, and on that basis denies each and every allegation stated therein.  Answering the remainder of paragraph 87, the City denies each and every allegation stated therein.

88.    Answering paragraph 88, insofar as the allegations therein contain characterizations of the ESA Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself.  To the extent the foregoing does not answer any allegation of fact in paragraph 88, the City admits that the ESA Report describes fire risks and dangers associated therewith, including at the Terminal and other locations, and describes fires that have occurred at coal piles and in rail cars.  Answering the remainder of paragraph 88, the City denies each and every allegation stated therein.

89.    Answering paragraph 89, insofar as the allegations therein contain

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1                     - 15 -                     ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 16-CV-7014-VC

1    characterizations of the ESA Report, the allegations stated therein seek to characterize the

2    contents of a public record, which speaks for itself.  To the extent the foregoing does not answer

3    any allegation of fact in paragraph 89, the City denies each and every allegation stated therein.

4         90.    Answering paragraph 90, insofar as the allegations therein contain

5    characterizations of the ESA Report or other public documents, the allegations stated therein seek

6    to characterize the contents of public records, which speaks for themselves.  To the extent the

7    foregoing does not answer any allegation of fact in paragraph 90, the City basis denies each and

8    every allegation stated therein.

9         91.    Answering paragraph 91, the City denies each and every allegation stated therein.

10        92.    Answering paragraph 92, insofar as the allegations therein contain

11   characterizations of the ESA Report, the allegations stated therein seek to characterize the

12   contents of a public record, which speaks for itself.  To the extent the foregoing does not answer

13   any allegation of fact in paragraph 92, the City admits that members of the public commented on

14   greenhouse gases and that the ESA Report evaluated the comments and other evidence, and,

15   except as expressly admitted, the City denies each and every allegation stated in paragraph 92.

16        93.    Answering the first sentence of paragraph 93, the allegations stated therein seek to

17   characterize the contents of a public record, which speaks for itself.  Answering the second

18   sentence of paragraph 93, the City denies each and every allegation stated therein.  To the extent

19   the foregoing does not answer any allegation of fact in paragraph 93, the City denies each and

20   every allegation stated therein.

21        94.    Answering the first sentence of paragraph 94, the allegations stated therein seek to

22   characterize the contents of a public record, which speaks for itself.  To the extent the foregoing

23   does not answer any allegation of fact in paragraph 94, the City denies each and every allegation

24   stated therein.

25        95.    Answering the first sentence of paragraph 95, the allegations stated therein seek to

26   characterize the contents of a public record, which speaks for itself.  To the extent the foregoing

27   does not answer any allegation of fact in the first sentence of paragraph 95, the City denies each

28   and every allegation stated therein.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4840-9470-8043 v1                    - 16 -            ANSWER TO FIRST AMENDED COMPLAINT
                                                            CASE NO. 16-CV-7014-VC

1    96.    Answering paragraph 96, insofar as the allegations therein contain

2    characterizations of the City's Staff Report, the allegations stated therein seek to characterize the

3    contents of a public record, which speaks for itself.  To the extent the foregoing does not answer

4    any allegation of fact in paragraph 96, the City admits that the Staff Report relied, in part, on a

5    report by Zoe Chafe regarding coal and petcoke, including without limitation health and safety

6    effects that would be caused by storing and handling these commodities at the proposed Terminal,

7    and, except as expressly admitted, the City denies each and every allegation stated therein.

8    97.    Answering paragraph 97, the City admits each and every allegation stated therein.

9    98.    Answering paragraph 98, the City admits that Zoe Chafe was retained to prepare a

10   report.  Further answering paragraph 98, insofar as the allegations therein contain

11   characterizations of the report prepared by Zoe Chafe (the "Chafe Report"), the allegations stated

12   therein seek to characterize the contents of a public record, which speaks for itself.  To the extent

13   the foregoing does not answer any allegation of fact in paragraph 98, the City lacks sufficient

14   information or knowledge to answer the allegations stated therein, and on that basis denies each

15   and every allegation stated therein.

16   99.    Answering paragraph 99, the City denies each and every allegation stated therein.

17   100.    Answering the first sentence of paragraph 100, the City denies each and every

18   allegation stated therein.  Answering the second sentence of paragraph 100, the allegations stated

19   therein seek to characterize the contents of a public record, which speaks for itself.  To the extent

20   the foregoing does not answer any allegation of fact in paragraph 100, the City denies each and

21   every allegation stated therein.

22   101.    Answering paragraph 101, the City  denies each and every allegation stated

23   therein.

24   102.    Answering paragraph 102, the City denies each and every allegation stated therein.

25   103.    Answering paragraph 103, the City denies each and every allegation stated therein.

26   104.    Answering paragraph 104, insofar as the allegations therein contain

27   characterizations of the Chafe Report, the allegations stated therein seek to characterize the

28   contents of a public record, which speaks for itself.  Answering any allegation of fact in

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1                    - 17 -           ANSWER TO FIRST AMENDED COMPLAINT
                                                           CASE NO. 16-CV-7014-VC

paragraph 104, the City admits that the Chafe Report explains the health and safety risks of
exposure to $PM_{2.5}$, and except as expressly admitted, the City denies each and every allegation
stated therein.

105.    Answering the first sentence of paragraph 105, insofar as the allegations therein
contain characterizations of the Chafe Report, the allegations stated therein seek to characterize
the contents of a public record, which speaks for itself.  Answering the second sentence of
paragraph 105, the City lacks sufficient information or knowledge to answer the allegations stated
therein, and on that basis denies each and every allegation stated therein.  To the extent the
foregoing does not answer any allegation of fact in paragraph 105, the City lacks sufficient
information or knowledge to answer the allegations stated therein, and on that basis denies each
and every allegation stated therein.

106.    Answering the first sentence of paragraph 106, insofar as the allegations therein
contain characterizations of the Chafe Report, the allegations stated therein seek to characterize
the contents of a public record, which speaks for itself.  Answering the second sentence of
paragraph 106, the City lacks sufficient information or knowledge to answer the allegations stated
therein, and on that basis denies each and every allegation stated therein.  To the extent the
foregoing does not answer any allegation of fact in paragraph 106, the City denies each and every
allegation stated therein.

107.    Answering the first sentence of paragraph 107, insofar as the allegations therein
contain characterizations of the Chafe Report, the allegations stated therein seek to characterize
the contents of a public record, which speaks for itself.  Answering any allegation of fact in the
first  sentence of paragraph 107 and the remainder of paragraph 107, the City denies each and
every allegation stated therein.

108.    Answering paragraph 108, the City denies each and every allegation stated therein.

109.    Answering paragraph 109, the City denies each and every allegation stated in
paragraph 109.

110.    Answering paragraph 110, the allegations stated therein seek to characterize the
contents of a public record, which speaks for itself.  To the extent the foregoing does not answer

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1                     - 18 -          ANSWER TO FIRST AMENDED COMPLAINT
                                                           CASE NO. 16-CV-7014-VC

any allegation of fact in paragraph 110, the City denies each and every allegation stated therein.

111. Answering paragraph 111, the City denies each and every allegation stated therein.

112. Answering paragraph 112, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself. To the extent the foregoing does not answer any allegation of fact in paragraph 112, the City denies each and every allegation stated therein.

113. Answering paragraph 113, insofar as the allegations therein contain characterizations of the Chafe Report, the allegations stated therein seek to characterize the contents of a public record, which speaks for itself. To the extent the foregoing does not answer any allegation of fact in paragraph 113, the City denies each and every allegation stated therein.

114. Answering paragraph 114, insofar as the allegations therein contain characterizations of the Chafe Report or the City Council's administrative record, the allegations stated therein seek to characterize the contents of public records, which speak for themselves. To the extent the foregoing does not answer any allegation of fact in paragraph 114, the City denies each and every allegation stated therein.

115. Answering paragraph 115, the City denies each and every allegation stated therein.

116. Answering paragraph 116, insofar as the allegations therein contain characterizations of the Ordinance or Resolution, the allegations stated therein are legal contentions, for which no response is required, and seek to characterize the contents of public records, which speak for themselves. To the extent the foregoing does not answer any allegation of fact in paragraph 116, the City  denies each and every allegation stated therein.

117. Answering paragraph 117, the City basis denies each and every allegation stated therein.

118. Answering the first sentence of paragraph 118, the City denies each and every allegation stated therein. Answering the remaining allegations of paragraph 118, insofar as the allegations therein contain characterizations of public records, the allegations stated therein seek to characterize the contents of public records, which speak for themselves. To the extent the foregoing does not answer any allegation of fact in paragraph 118, the City denies each and every allegation stated therein.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1 - 19 - ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 16-CV-7014-VC

119.     Answering paragraph 119, the City admits that the Ordinance includes limited exemptions and, except as expressly admitted,  denies each and every allegation stated therein.

120.     Answering paragraph 120 (including the subparagraphs), the City denies each and every allegation stated therein.

121.     Answering paragraph 121, the City denies each and every allegation stated therein.

122.     Answering paragraph 122, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

123.     Answering paragraph 123, the City denies each and every allegation stated therein.

124.     Answering paragraph 124, the City denies each and every allegation stated therein.

## CLAIMS FOR RELIEF

## FIRST CLAIM

### Unconstitutionality Under the Commerce Clause

125.     The City hereby reincorporates each and every answer contained in paragraphs 1 through 124, above, as though fully set forth herein.

126.     Answering the first sentence of paragraph 126, the allegations stated therein seek to characterize the contents of public records, which speak for themselves.  Answering the last sentence of paragraph 126 and any allegation of fact in the first sentence of paragraph 126, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.  Answering second sentence of paragraph 126, the City admits the allegations stated therein.  Answering any remaining allegations of fact in paragraph 126, and except as expressly admitted, the City denies each and every allegation stated therein.

127.     Answering paragraph 127, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

128.     Answering paragraph 128, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4840-9470-8043 v1                    - 20 -                    ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 16-CV-7014-VC

therein.

129.    Answering paragraph 129, the City denies each and every allegation stated therein.

130.    Answering paragraph 130, the City denies each and every allegation stated therein.

131.    Answering paragraph 131, the City denies each and every allegation stated therein.

132.    Answering paragraph 132, the City denies each and every allegation stated therein.

133.    Answering paragraph 133, the City denies each and every allegation stated therein.

134.    Answering paragraph 134, the allegations stated therein seek to characterize Plaintiff's case, to which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 134, the City denies each and every allegation stated therein.

## SECOND CLAIM

**Preemption Under the ICCTA, the Hazardous Materials Transportation Act, and the**

**Shipping Act of 1984**

135.    The City hereby reincorporates each and every answer contained in paragraphs 1 through 124, above, as though fully set forth herein.

136.    Answering paragraph 136, the City denies each and every allegation stated therein.

137.    Answering paragraph 137, the City denies each and every allegation stated therein.

138.    Answering paragraph 138, the City denies each and every allegation stated therein.

139.    Answering paragraph 139, the allegations stated therein are legal contentions and conclusions of law to which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 139, the City denies each and every allegation stated therein.

140.    Answering paragraph 140, that the allegations stated therein are conclusions of law to which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 140, the City denies each and every allegation stated therein.

141.    Answering paragraph 141, the City denies each and every allegation stated therein.

142.    Answering paragraph 142, the City denies each and every allegation stated therein.

143.    Answering paragraph 143, the City denies each and every allegation stated therein.

144.    Answering paragraph 144, the allegations stated therein are conclusions of law to which no response is required.  To the extent the foregoing does not answer any allegation of fact

Burke, Williams & Sorensen, LLP
Attorneys At Law
Oakland

OAK #4840-9470-8043 v1

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 16-CV-7014-VC

in paragraph 144, the City denies each and every allegation stated therein.

145. Answering paragraph 145, the allegations stated therein are legal contentions and conclusions of law to which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 145, the City denies each and every allegation stated therein.

146. Answering paragraph 146, the allegations stated therein are conclusions of law to which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 146, the City denies each and every allegation stated therein.

147. Answering paragraph 147, the allegations stated therein are conclusions of law to which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 147, the City denies each and every allegation stated therein.

148. Answering paragraph 148, the allegations stated therein are conclusions of law to which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 148, the City denies each and every allegation stated therein.

149. Answering paragraph 149, the allegations stated therein are conclusions of law to which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 149, the City denies each and every allegation stated therein.

150. Answering the first sentence of paragraph 150, insofar as the allegations therein contain characterizations of the Ordinance or Resolution, the allegations stated therein are legal contentions and legal conclusions for which no response is required, and seek to characterize the contents of public records, which speak for themselves. Answering the remaining allegations of paragraph 150, the City denies each and every allegation stated therein.

151. Answering the first sentence of paragraph 151, insofar as the allegations therein contain characterizations of the Ordinance or Resolution, the allegations stated therein are legal contentions and legal conclusions, for which no response is required, and seek to characterize the contents of public records, which speak for themselves. To the extent the foregoing does not answer any allegation of fact in paragraph 151, the City denies each and every allegation stated therein.

152. Answering paragraph 152, the City denies each and every allegation stated therein.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1                    - 22 -                    ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 16-CV-7014-VC

153.     Answering paragraph 153, the allegations stated therein are legal contentions and conclusions of law to which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 153, the City denies each and every allegation stated therein.

154.     Answering the first sentence of paragraph 154, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.  Answering the remaining allegations of paragraph 154, the City denies each and every allegation stated therein.

155.     Answering paragraph 155, the allegations stated therein are legal contentions and conclusions of law to which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 155, the City denies each and every allegation stated therein.

156.     Answering paragraph 156, the City denies each and every allegation stated therein.

157.     Answering paragraph 157, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

158.     Answering paragraph 158, the City denies each and every allegation stated therein.

159.     Answering paragraph 159, the City denies each and every allegation stated therein.

160.     Answering paragraph 160, the allegations stated therein seek to characterize Plaintiff's case, to which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 160, the City lacks sufficient information or knowledge to answer the allegations stated therein, and on that basis denies each and every allegation stated therein.

## **THIRD CLAIM**

### **Breach of Contract**

161.     The City hereby reincorporates each and every answer contained in paragraphs 1 through 124, above, as though fully set forth herein.

162.     Answering paragraph 162, the allegations stated therein are legal contentions and conclusions of law to which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 162, the City denies each and every allegation stated therein.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1                     - 23 -          ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 16-CV-7014-VC

1     163.    Answering paragraph 163, the City denies each and every allegation stated therein.

2     164.    Answering paragraph 164, the City denies each and every allegation stated therein.

3     165.    Answering paragraph 165, the City denies each and every allegation stated therein.

4     166.    Answering paragraph 166, the City denies each and every allegation stated therein.

5     167.    Answering paragraph 167, the City denies each and every allegation stated therein.

## PLAINTIFF'S PRAYER FOR RELIEF

168.    The remainder of Plaintiff's Complaint consists of the prayer for relief, to which no response is required.  To the extent a response may be deemed required, the City denies that Plaintiff is entitled to the relief requested in Paragraphs A through D, or to any relief of any kind.

## GENERAL DENIAL

169.    The City denies each and every allegation of Plaintiff's Complaint not expressly admitted or qualified herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

170.    Plaintiff lacks Article III standing to bring this lawsuit.  Plaintiff also lacks standing to pursue some or all of its claims under the Interstate Commerce Commission Termination Act, 49 U.S.C. §§ 10101–16101; the Hazardous Materials Transportation Act, 49 U.S.C. §§ 5101–5127; and the Shipping Act of 1984, 46 U.S.C. §§ 40101–41309.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

171.    Plaintiff has failed to meet the applicable statute of limitations to pursue some or all of its claims under California Government Code section 65009(c)(1).

### THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

172.    The Complaint fails to allege a claim for which relief may be granted.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4840-9470-8043 v1     - 24 -     ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 16-CV-7014-VC

## FOURTH AFFIRMATIVE DEFENSE

## (City Excused from Performing)

173.     The City's performance of its obligations under the Development Agreement have been excused, in whole or in part, by the acts and/or omissions of Plaintiff and/or third parties.

## FIFTH AFFIRMATIVE DEFENSE

## (Plaintiff's Failure to Perform)

174.     The City of Oakland's performance of its obligations under the Development Agreement was conditioned, in whole or in part, upon the satisfactory performance of Plaintiff's obligations under the Development Agreement, which Plaintiff failed to perform.

## SIXTH AFFIRMATIVE DEFENSE

## (Exhaustion of Administrative Remedies)

175.     Plaintiff's Complaint contains no allegations that establish that plaintiff has exhausted the administrative remedies provided by California law for persons aggrieved or claiming to be aggrieved by administrative action.  Accordingly, this action is barred.

## SEVENTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

176.     As a result of the acts and omissions in the matter relevant to the Complaint, Plaintiff has unclean hands and is therefore barred from asserting any claims against the City.

## EIGHTH AFFIRMATIVE DEFENSE

## (Waiver)

177.     Any breach of the Development Agreement is barred, in whole or in part, by Plaintiff's conduct, representations, omissions, or acceptance, and Plaintiff has waived, relinquished, and/or abandoned any claim for relief against the City.

## NINTH AFFIRMATIVE DEFENSE

## (Frustration of Purpose)

178.     As a result of Plaintiff's conduct, and through no fault of the City, the purposes recognized by both Plaintiff and the City as the basis for the Development Agreement have been fundamentally frustrated and defeated.  Accordingly, Plaintiff's claim is without merit.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4840-9470-8043 v1                  - 25 -                  ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 16-CV-7014-VC

**TENTH AFFIRMATIVE DEFENSE**

**(Prevention of Performance)**

179.     Plaintiff breached the Development Agreement with the City by failing timely, fully, and adequately to perform the terms and conditions therein, thereby preventing the City's performance and discharging any obligation on the part of the City.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Condition Precedent)**

180.     Plaintiff failed to satisfy all conditions contained in the Development Agreement precedent to the commencement of litigation, including in Article VIII thereof.  .

**<u>PRAYER</u>**

WHEREFORE, the City of Oakland prays for relief as follows:

A.   That Plaintiff take nothing by its complaint in this action;

B.   That the Court deny Plaintiff's prayer for relief;

C.   That judgment be entered on all claims for Defendant City of Oakland;

D.   That the Court award the City any and all other relief to which it is justly entitled.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the City hereby demands a jury on all issues triable by a jury.

Dated: June 27, 2017                                    BURKE, WILLIAMS & SORENSEN, LLP


                                                        By: */s/* Kevin D. Siegel
                                                        _____
                                                            Kevin D. Siegel
                                                            Gregory R. Aker
                                                            Christopher M. Long
                                                            Attorneys for Defendant
                                                            CITY OF OAKLAND

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4840-9470-8043 v1                    - 26 -       ANSWER TO FIRST AMENDED COMPLAINT
                                                       CASE NO. 16-CV-7014-VC