XAVIER BECERRA
Attorney General of California
SALLY MAGNANI
Senior Assistant Attorney General
SUSAN S. FIERING (SBN 121621)
Supervising Deputy Attorney General
ROSE B. FUA (SBN 119757)
MARY THARIN (SBN 293335)
Deputy Attorneys General
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA 94612-0550
  Telephone: (510) 879-0190
  Fax: (510) 622-2270
  E-mail: Rose.Fua@doj.ca.gov
*Attorneys for the State of California by and through*
*Xavier Becerra, Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **OAKLAND BULK & OVERSIZED TERMINAL, LLC,**<br><br>                            Plaintiff,<br><br>v.<br><br>**CITY OF OAKLAND, ET AL.,**<br><br>                            Defendants. | Case No. 3:16-cv-07014-VC<br><br>**NOTICE OF MOTION AND MOTION OF THE STATE OF CALIFORNIA, BY AND THROUGH XAVIER BECERRA, ATTORNEY GENERAL, TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS**<br><br>Date: January 10, 2018<br>Time: 10:00 a.m.<br>Court: No. 4, 17th Floor<br>Judge: Honorable Vince Chhabria |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the State of California, by and through Xavier Becerra, Attorney General, hereby moves the Court for leave to file an amicus curiae brief in the above-captioned case in support of Defendants. A copy of the proposed amicus brief is attached as an exhibit to this motion. Defendant City of Oakland has consented to and supports the filing of the

amicus brief.  Defendant-Intervenors Sierra Club and San Francisco Baykeeper consented to the filing of the Amicus Brief.   Plaintiff OBOT declined to consent.

District courts have wide discretion to grant leave to participate as amicus curiae.  *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (*abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).  This discretion is liberally applied when the legal issues in a case "have potential ramifications beyond the parties directly involved."  *NGV Gaming, Ltd. v. Upstream Point Molate,* LLC, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005).  The Ninth Circuit has described the "classic role" of an amicus to include "assisting in a case of general public interest." *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986).

In the absence of specific rules governing amicus appearances at the district court level, district courts may look to the rules governing amicus participation in appellate courts.  *See Ass'n of Am. Physicians & Surgeons, Inc. v. Brown,* No. 2:16-cv-02441-MCE-EFB, 2017 WL 4351766, at *2 (E.D. Cal. Sept. 29, 2017) (granting motion for leave to file as amicus curiae pursuant to Fed. R. App. P. 29).  In federal appellate courts, states may file amicus curiae briefs as of right. Fed. R. App. P. 29 ("a State may file an amicus-curiae brief without the consent of the parties or leave of court").

The State of California has an interest in both the subject matter and legal implications of the controversy currently before this Court.  This case raises issues of environmental justice.  The City of Oakland's Ordinance No. 13385 is a health and safety regulation intended to protect some of its most at-risk residents from increased pollution from the handling of coal.  The California Environmental Protection Agency has designated West Oakland as a disadvantaged community based on an analysis of environmental and socioeconomic factors.  Oakland Br., Dkt 145, at 14. Further, the California Air Resources Board has found that concentrations of air pollution in West Oakland are far higher than Bay Area averages.  See attached Brief of Amicus Curiae at 4.  The proposed loading and unloading of coal and petcoke at the Oakland Bulk & Oversized Terminal ("OBOT") threatens to exacerbate the already degraded air quality in this area.  *Id*.

The State of California also has a number of statutes and initiatives seeking to protect environmental justice communities that are subject to excessive levels of pollution.  For instance,

SB 1000, now codified in Government Code section 65302 requires that each city or county include in its general plan an environmental justice element to identify objectives and policies to reduce the unique or compounded health risks in disadvantaged communities.  Thus, the State seeks to weigh in on this matter of public interest because it has the potential to undermine the ability of local governments to protect their most vulnerable communities.

In addition, the State has an interest in offering its perspective on the Constitutional and federal preemption issues implicated by the present matter.  California has created and implemented many environmental policies and initiatives that face frequent challenges on the grounds of federal preemption and the dormant Commerce Clause.  Thus, California has an interest in ensuring that the courts construe the preemption and Commerce Clause doctrines in a manner that will protect the general police powers which reserve the protection of health, safety and the environment to states and municipalities.  The State therefore submits the attached brief in order to assist the Court in reviewing the Constitutional and federal preemption issues in this case in a manner that recognizes the significant State interests at stake.

Dated:  December 8, 2017

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
SALLY MAGNANI
Senior Assistant Attorney General
SUSAN S. FIERING
Supervising Deputy Attorney General
MARY THARIN
Deputy Attorney General


/s/  Rose B. Fua
ROSE B. FUA
Deputy Attorney General
*Attorneys for the State of California by and through Xavier Becerra, Attorney General*